T. P. REDFIELD AND C. J. GLEASON *v.* J. M. DANA, JUSTUS BURNHAM, AND NATHANIEL NELSON.

*Liability for Service Performed for Another.*

In order to make one liable for service performed for another, he must either thereunto expressly promise, or so conduct himself that the party rendering the service has a right to understand, and does understand, that he will be responsible therefor.

BOOK ACCOUNT. The plaintiffs were attorneys and partners. In February, 1867, all the defendants came to the plaintiffs' office, and said they wished to consult them about an action of replevin then pending in favor of Samuel Daniels against the defendant Nelson, and also about an action of trespass for false imprisonment, then pending or about to be commenced against the defendants Nelson & Burnham. They related to the plaintiffs the facts concerning the suits, and their own connection with the affairs of school district No. 6 in Woodbury, and employed the plaintiffs to defend said suits. The defendant Dana was at the time clerk and treasurer of said district, Burnham was prudential committee, and Nelson collector. Nelson, as such collector, had distrained a mare as the property of one Luke Daniels, for the payment of a tax against him, and said Samuel Daniels brought said replevin suit for the mare. Nelson had also arrested Luke Daniels on another tax-bill and warrant, and carried him part way to jail, and the trespass suit was for that. Said suits were both entered at the March term 1867 of Washington county court, and the plaintiffs' charges were all incurred in the defence thereof. Before any trial in the trespass suit, it was ascertained that the tax-bill on which the arrest was made, was made out for a larger amount than the district voted to raise, whereupon the plaintiffs told Nelson that he could not successfully defend the suit, and advised a settlement thereof, which was effected ; and Burnham called at the plaintiffs' office and paid their charges in that suit, admitting that it was his fault in making the tax-bill too large, and the plaintiffs credited the amount thus paid them.

The replevin suit was tried in the county and in the supreme court, and the plaintiff therein finally recovered, and the plaintiffs' charges were for services in defending that suit. Before the defendants went to consult the plaintiffs at all, they advised together in regard to said suits, and Dana and Burnham advised Nelson to defend the replevin suit, and Dana went to the plaintiffs' office in February as aforesaid, at the request of Nelson and Burnham, and carried the district records, to have them examined by their counsel. At the time the plaintiffs were employed as aforesaid, the defendants' relation to the district was discussed, and the district's liability to pay the plaintiffs, talked over, and the defendants were informed that the district could not be made liable, except by vote for that purpose, and the defendants assured the plaintiffs that the district were all, except said Daniels, in favor of defending the suits, and would vote to pay the expense thereof, and that they would see to that matter. The plaintiffs supposed, from the representations of the defendants, that the district would pay their fees, and that, if the district refused, the defendants were liable; and they charged on their original books to "School District No. 6 in Woodbury; Nelson, collector, Burnham, committee, and Dana, clerk;" and continued during the pendency of the suits to charge to said district and others; the words, "and others," being several times interlined when the books were posted. Nelson and Dana were both active in the preparation of the replevin suit, but Burnham was not, as he removed from the district and the town before the suit was tried. Dana attended the trial in the replevin case in the county court, was a witness for defendant, but was paid no fees. He was active in the trial in consulting with the plaintiffs, and aiding by his advice and suggestions, being more familiar with the affairs of the district and more intelligent on matters of litigation than Nelson. He also procured certified copies of the town records of the towns of Elmore and Woodbury, to be used on the trial. The auditor did not find that Dana, Nelson, or Burnham, intended to employ the plaintiffs on their own behalf, but that they expected the district would at some future time assume and pay the plaintiffs, and they then, acting as the repre-

sentatives of the district, assured the plaintiffs that the district would assume the expense of the defense, and that they as members of said district would see to that matter. It did not appear that the district had ever voted on the subject of this claim, or that the defendants had made any efforts to have the district assume and pay the same. Dana, when called on for the payment of this account, refused to pay it, and referred the plaintiffs to the district for payment. Burnham also refused to pay any portion of the expenses of the replevin suit. The plaintiffs sent their claim to the school district officers, and they refused to pay it.

This suit was originally commenced against said district and these defendants ; and on the day set for trial before the magistrate, the district having appeared to defend, as well as the other defendants, one of the plaintiffs inquired of the defendants Burnham and Dana, if they wished to have the suit still enforced against the district, for their protection, informing them that unless they objected, the suit would be discontinued as to the district. The defendants then informed the plaintiffs they could take their own course, they should do nothing by way of objection or consent, and the plaintiffs discontinued the suit against the district. Nelson did not specially employ the plaintiffs to defend the suits, any more than Burnham and Dana, but it was not claimed by Nelson that he was not liable to plaintiffs, but that Burnham and Dana were liable with him.

The auditor allowed the plaintiffs' account as charged, against all the defendants.

There was no appearance for Dana in the county court. The court, at the September term, 1873, PECK, J., presiding, rendered judgment on the report for the plaintiffs against Nelson, and for Dana and Burnham to recover their costs. To the rendition of judgment for Dana and Burnham the plaintiffs excepted.

*C. J. Gleason,* for the plaintiffs, cited *Thomas* v. *Edwards*, 2 M. & W. 216 ; *Roberts* v. *Button et al.* 14 Vt. 195, 202, 205.

Redfield et al. *v.* Dana et als.

*H. W. Heaton* and *J. O. Livingston,* for the defendants Dana and Burnham, cited *Smith* v. *Watson,* 14 Vt. 332.

The opinion of the court was delivered by

Ross, J.    It appears from the facts stated by the auditor, that the plaintiffs at the time they entered upon the employment for which recovery is sought, knew the relations which the defendants Dana and Burnham sustained to the school district and to the suit in which their services were to be performed.    The plaintiffs do not claim that these two defendants rendered themselves liable by reason of claiming to have authority to employ them on behalf of the district when they had no such authority.    Their claim is that Dana and Burnham, in connection with Nelson, employed them to perform the services for which they have charged, on their joint credit.    Dana and Burnham were not interested in the event of the suit against Nelson more than the other tax-payers of the district; nor were the plaintiffs' services in that suit directly beneficial to them.    Hence, no promise to pay for the plaintiffs' services in that suit can arise by implication of law.    To entitle the plaintiffs to recover against Dana and Burnham, they must show that Dana and Burnham expressly agreed to be responsible for the payment of their charges in the suit, or that they so conducted themselves in making the employment that the plaintiffs, as prudent men, had a right to and did understand that they would be responsible for the payment for their services in the suit against Nelson.    The facts reported by the auditor, we think, fail to establish an employment in the suit by Dana and Burnham, either on their own behalf and credit, or, on their credit, in behalf of Nelson or the school district.    Judgment affirmed.